# McElwee *v.* Chandler, Appellant.

*Contract—Rescission—Fraud—Evidence.*

In an action to recover back the purchase money of certain stock, paid under a contract of purchase, which the plaintiff had rescinded, it appeared that the plaintiff bought the stock upon the strength of a written statement made at the time, stipulating that one half of the money to be paid should be applied to the liquidation of any indebtedness of the company, " said indebtedness not exceeding three thousand dollars." Plaintiff testified that at the time of the transaction it was agreed that he should have an opportunity to investigate the condition of the company, that he did so, and found that the company was insolvent, and that the indebtedness was very much greater than that stated.    The testimony indicated that the defendants were the parties chiefly interested in the stock, if they were not the sole owners.    Plaintiff testified that he knew the defendants in no other capacity than principals.    Plaintiff, after he discovered the condition of the company, rescinded the contract, tendered back the stock, and demanded the purchase money.    *Held,* that a verdict and judgment for plaintiff should be sustained.

Argued Jan. 22, 1901.    Appeal, No. 231, Jan. T., 1901, by defendants, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1899, No. 823, on verdict for plaintiff in case of A. McElwee *v.* Alfred N. Chandler and Arthur S. Chandler, trading as A. N. Chandler & Company.    Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ.    Affirmed.

Trespass to recover back purchase money of stock of a corporation. Before BIDDLE, P. J.

The money for the recovery of which suit was brought was paid under the following writing signed by the defendants:

"August 5, 1899.

"Mr. SIDNEY B. WHITESIDE, Mr. A. McELWEE, Mr. W. P. PINCKARD, New York.

"Dear Sirs: In consideration of you buying and paying for to-day, 1,250 shares of the Multiple Power Company stock at $2.50 per share, and the delivery of said stock to you and receipt of check from you for said payment being hereby acknowledged, we hereby agree to deliver to you, or your order, if taken and paid for on or before September 20, 1899, fourteen thousand seven hundred and fifty (14,750) shares of the stock of the Multiple Power Company at two dollars and fifty cents ($2.50) per share, and, if taken, we hereby agree to deliver to you, or your order, a further 9,000 shares at $2.50 per share, if taken and paid for by you on or before November 5, 1899.

"Upon the completion of the payment and delivery of the 25,000 shares of stock, we also agree to deliver the resignations of the president, vice-president, secretary and treasurer of the Multiple Power Company and three directors, the same to be filled by yourself and associates, as you and they may elect.

"You are to be afforded every opportunity to test the mechanical devices of this company with such experts as you may select, and to have an accountant examine and report on the books and accounts of the Multiple Power Company, and to have your attorney report on the patents and incorporation of that company.

"It is hereby stipulated by you that one half of the money paid by you on account of this option shall be paid to the treasury of the Multiple Power Company for the liquidation of any indebtedness, said indebtedness not exceeding $3,000, which is now represented by open accounts, and further prosecution of the objects of the company, and it is hereby agreed that we shall not accept any payments from you except upon the above conditions, to which we will at once endeavor to se-

cure the assent of those stockholders for whose account we made deliveries of stock.

"Yours very truly,

"A. N. CHANDLER & Co."

Plaintiff testified that at the time the money was paid it was agreed that he should have an opportunity to investigate the condition of the company, that he did so, and found that it was insolvent, and owed about $10,000.

The court charged as follows :

[It appears in this case that the plaintiff bought of the defendants certain stock in accordance with an instrument in writing, dated August 5, 1899, addressed to Mr. McElwee, Mr. Whiteside, and Mr. Pinckard, and signed by the defendants in this case, and by this paper—it speaks for itself and will go out with you—it is asserted that the amount of indebtedness of this company at the time of this purchase was $3,000. It was subsequently discovered at that very time the indebtedness instead of being $3,000 was $10,000, and the plaintiff contends he at once notified the defendants that he rescinded his bargain ; that their statement was untrue, and he therefore would not take the stock. They, however, refused to return to him his money, and he has therefore brought the suit which is now before you, claiming that this is a false and fraudulent statement by which he was induced to purchase this stock, and being so false and fraudulent, he is not bound by it. That, gentlemen, I say to you, is the law in the case, and if you believe these are the facts in the case, your verdict should be for the plaintiff for the amount claimed.] [1]

The defendants' points, refused by the court, were as follows :

1. If the jury find from the evidence that the plaintiff knew, on August 5, 1899, that the defendants were the agents of the Multiple Power Company, and were acting as such agents in the delivery of the stock of the company to the plaintiff on that date, there can be no recovery in this action, and the verdict must be for the defendants. *Answer :* Refused. [4]

2. If the jury find from the evidence that the delivery of the stock of the Multiple Power Company, on August 5, 1899, was induced by representations of the defendants, and the plaintiff

VOL. CXCVIII—37

knew that the defendants were at that time and for such pur-
pose the agents of the Multiple Power Company, there can be
no recovery in this action, and the verdict must be for the de-
fendants. *Answer:* Refused. [5]

3. If the jury find from the evidence that upon the faith of
alleged representations the stock of the Multiple Power Com-
pany was accepted by plaintiff, and that such representations
were untrue, there can be no recovery in this action in the ab-
sence of evidence that such representations were false and
fraudulent and wilfully made in bad faith by the defendants,
and failing such proof on this point, the verdict must be for
the defendants. *Answer:* Refused. [6]

4. If the jury find from the evidence that the means of ascer-
taining the truth or falsity of the alleged representations by
defendants to plaintiff were equally accessible to the plaintiff
as to the defendants, there can be no recovery in this action,
and the verdict must be for the defendants. *Answer:* Re-
fused. [7]

5. That a promise that a part of the purchase money of
stock shall be subsequently applied to the liquidation of in-
debtedness of the company issuing such stock is not represen-
tation, the term representation necessarily referring to past or
existing facts or conditions; and even if the jury find from the
evidence that such a promise had been made to plaintiff by de-
fendants, it would not of itself justify a recovery in the present
action, and without other evidence of representations inducing
an acceptance of the stock, the verdict must be for the defend-
ants. *Answer:* Refused. [8]

6. Under all the evidence in this case the verdict should be
for the defendants. *Answer:* Refused. [9]

Verdict and judgment for plaintiff for $1,560. Defendants
appealed.

*Errors assigned* were (1, 4–9) above instructions; (2) that
the trial judge practically instructed the jury to find a verdict
for plaintiff; (3) that the charge was inadequate and mislead-
ing.

*Robert D. Coxe*, for appellant.—The appellants justly com-
plain that the case was not fully and fairly submitted to the

jury; that their evidence and theory were not even adverted to, while those of the appellees were forcibly presented: Pennsylvania Canal Co. v. Harris, 101 Pa. 92; Goersen v. Com., 99 Pa. 388; Minick v. Gring, 1 Pa. Superior Ct. 484; Samuel v. Knight, 9 Pa. Superior Ct. 362; Reber v. Herring, 115 Pa. 599; Reichenbach v. Ruddach, 127 Pa. 564; Webb v. Lees, 149 Pa. 13; Gerz v. Weber, 151 Pa. 396; Heydrick v. Hutchinson, 165 Pa. 208; Hasson v. Klee, 168 Pa. 510; Howell v. Mellon, 169 Pa. 138; Herrington v. Guernsey, 177 Pa. 175.

There can be no recovery in an action to rescind an executed contract " when the means of information relative to the facts and circumstances affecting the value of the commodity are equally accessible to both parties:" Rockafellow v. Baker, 41 Pa. 319.

The defendants were entitled to a binding instruction, in compliance with the request of their sixth point of charge: Diehl v. Gilpin, 8 Phila. 15; Marys v. Anderson, 24 Pa. 272; Archer v. Dunn, 2 W. & S. 327; Taylor v. Gould, 57 Pa. 152; Wilson v. Wallace, 8 S. & R. 53; Sweigart v. Berk, 8 S. & R. 308; Boggs v. Curtin, 10 S. & R. 211; Morse v. Chase, 4 Watts, 456.

*J. Martin Rommel*, for appellee.—This is not an action in deceit. It is an action in assumpsit, upon a rescission of the contract, and is one of the class of cases where the defendants having made a representation which induced the purchase by the plaintiff, it was their duty to know that the representation which they made was substantially true: Braunschweiger v. Waits, 179 Pa. 47; Sutton v. Morgan, 158 Pa. 204; Bower v. Fenn, 90 Pa. 359; Lake v. Weber, 6 Pa. Superior Ct. 46.

OPINION BY MR. JUSTICE POTTER, March 18, 1901:

This is an action brought to recover the purchase money upon a rescission of the contract of sale, by the plaintiff, who made the purchase from the defendants, of certain shares of stock in the Multiple Power Company. The plaintiff claimed to have made the purchase, individually, from the defendants, upon the representation that the indebtedness of the company was only $3,000. Plaintiff claimed also, that at the time of the purchase, he had no means of knowing the facts as to the true

condition of the company, and therefore, it was agreed that he should be given an opportunity to investigate. The result of his examination disclosed a much larger indebtedness than had been represented, and that the company was insolvent. The contract was thereupon rescinded; tender of the stock in return was made; and the purchase money demanded; which being refused, this suit was brought in assumpsit. At the trial, the court below instructed the jury that it appeared, that the plaintiff bought the stock upon the strength of a certain written statement, made at the time, stipulating that one half of the money to be paid should be applied to the liquidation of any indebtedness of the Multiple Power Company, "said indebtedness not exceeding $3,000." And that if the jury found as a fact that this statement as to the indebtedness was false and fraudulent, the plaintiff was not bound by the purchase. The action of the court in thus construing the written instrument, is assigned as error, in the first, second and third specifications. There is no ambiguity in the statement, as to the amount of the indebtedness, then existing upon the part of the company, and it was clearly the duty of the court to construe it, in that respect. These assignments are therefore overruled. The fourth and fifth specifications complain of the refusal to charge as requested by the defendants, upon the theory that they were but custodians for the Multiple Power Company, and therefore not liable. But the evidence does not justify the instruction asked for. The plaintiff testifies squarely that he knew the defendants in no other capacity than principals, and the evidence on the part of the defendants does not disclose the names of any parties other than themselves, as the real owners of the stock. The testimony does indicate that the defendants were the parties chiefly interested in the stock, if they were not the sole owners. These assignments are therefore not sustained. The remaining specifications of error are without merit. The jury were left to find the facts as to the truth or falsity of the representation with regard to the indebtedness. There was ample testimony to sustain the finding of fraudulent and wilful misrepresentation. The indebtedness to the defendants themselves being more than three times the amount set forth in the statement, which was made by the defendants as an inducement to the plaintiff to purchase. As

stated above, this action is not brought upon the written agreement between the parties, but it is brought to recover the purchase money, upon a rescission of the contract, made individually by the plaintiff with the defendants. The written agreement being evidence of the representation, which the jury has found was false and fraudulent.

The judgment is affirmed.